Cy T. Hainey (State Bar No. 030634)
P.O. Box 9096
Phoenix, AZ 85068
Telephone: (602) 466-9631
E-mail: cy@hilltoplawfirm.com

Of Counsel to:
Credit Repair Lawyers of America
39111 Six Mile Rd., Suite 142
Livonia, MI 48152
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Tamica Dale*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **TAMICA DALE,** | **Case No.:** |
| **PLAINTIFF,** | |
| vs. | **COMPLAINT** |
| **EQUIFAX INFORMATION SERVICES, LLC, AND MERRICK BANK,** | **JURY TRIAL DEMAND** |
| **DEFENDANTS.** | |

NOW COMES THE PLAINTIFF, TAMICA DALE, BY AND THROUGH COUNSEL, CY T. HAINEY, ESQ., and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. Venue is proper in the Southern District of Texas, Houston Division, as the Defendants conduct business in the State of Texas.

## PARTIES

4. Plaintiff is a natural person residing in the City of Houston, Harris County, Texas.

5. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Texas; and

    b. Merrick Bank is a foreign bank that conducts business in the State of Texas.

## **GENERAL ALLEGATIONS**

6. Merrick Bank is inaccurately reporting its tradeline ("False Tradeline") on Plaintiff's Equifax credit disclosure.

7. Merrick Bank is reporting a tradeline opened in October 2015 with no indication that the account was paid.

8. The reporting is false because the account reflected by the False Tradeline was paid by the Plaintiff in full in June 2021 to Nar, Inc. the debt collector collecting on behalf of Merrick Bank.

9. On June 17, 2022, Plaintiff obtained her Equifax credit disclosure and noticed the False Tradeline reporting with no indication that the account was paid.

10. On or about June 24, 2022, Credit Repair Lawyers of America on behalf of Plaintiff, submitted a letter to Equifax disputing the False Tradeline.

11. In her letter, Plaintiff explained that the account reflected by the False Tradeline was paid in full by Plaintiff. Plaintiff attached a copy of the Paid in Full letter from Merrick Bank confirming the same. Plaintiff asked Equifax to correct the inaccurate reporting.

12. Equifax forwarded Plaintiff's consumer dispute to Merrick Bank.

13. Merrick Bank received Plaintiff's consumer dispute from Equifax.

14. On August 8, 2022, Plaintiff obtained her Equifax credit disclosure, which showed that Equifax and Merrick Bank failed or refused to report the payment status as paid, in violation of the FCRA.

15. The False Tradeline is reporting inaccurately. They are false and misleading to any user of the credit report who reviews it.

16. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, ("FCRA"), Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress, anxiety, depression, agitation, nervousness, anger, frustration, panic attacks, crying spells, embarrassment, and humiliation due along with loss of sleep, inability to concentrate, headaches, restless/discomfort, chest pains, and stomach problems due to the Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MERRICK BANK**

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Equifax of Plaintiff's consumer dispute of the inaccurate payment status, Merrick Bank negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

19. Merrick Bank negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to correct the inaccurate reporting.

20. The False Tradeline is inaccurate and creating a misleading impression on Plaintiffs' consumer credit file with Equifax to which it is reporting such tradeline.

21. As a direct and proximate cause of Merrick Bank's negligent failure to perform its duties under the FCRA, to correct the False Tradeline, Plaintiff's has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

22. Merrick Bank is liable to Plaintiffs by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

23. Plaintiff has a private right of action to assert claims against Merrick Bank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Merrick Bank for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MERRICK BANK

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Merrick Bank willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the tradeline as closed.

26. Merrick Bank willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of Merrick Bank's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. Merrick Bank is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for

reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** this court grant her a judgment against Defendant Merrick Bank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, or otherwise reproduced consumer reports regarding Plaintiffs as the term is defined in 15 USC 1681a.

31. Such reports contained information about Plaintiffs that was false, misleading, and inaccurate.

32. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

33. After receiving Plaintiff's consumer dispute to the False Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

34. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiffs have suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

35. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** this court grants her a judgment against Defendant Equifax for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiffs as the term is defined in 15 USC 1681a.

38. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

39. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

40. After receiving Plaintiff's consumer dispute to the False Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

41. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiffs have suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

42. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: August 22, 2022

By: */s/ Cy T. Hainey*
Cy T. Hainey
Attorneys for Plaintiff,
Tamica Dale